GOODSPEED v. UNITED SHOE MACHINERY CO.

CONTRACTS—CONDITIONS—WAIVER.

> A shoe manufacturer, being indebted to defendant for royalties for the use of machinery, sold his stock, unmanufactured and in process of manufacture, to plaintiff, who sent his check for the royalties to defendant to be used on condition that the lease of the machinery and the claim against the manufacturer be assigned to him. Defendant agreed and used the check but no lease or assignment was made. *Held*, that plaintiff, by making use of the machines, for which he paid the usual royalty, did not waive the conditions on which he sent the check so as to prevent recovery of the amount thereof.

Error to Wayne; Brooke, J. Submitted October 5, 1905. (Docket No. 12.) Decided November 9, 1905.

Assumpsit by John W. Goodspeed against the United Shoe Machinery Company for money had and received. There was judgment for plaintiff on a verdict directed by the court, and defendant brings error. Affirmed.

*George W. Bates*, for appellant.

*Guy A. Miller* (*Maybury, Lucking, Emmons & Helfman*, of counsel), for appellee.

MOORE, C. J. This is an action of assumpsit on the

common counts. It was begun to recover the sum of $565.85, remitted on June 3, 1902, by the plaintiff to the defendant, and interest thereon. The plea was the general issue. There was no notice of recoupment or set-off. The plaintiff recovered a judgment by direction of the judge. The case is brought here by writ of error.

Prior to June, 1902, the Dr. Reed Cushion Shoe Company was engaged in business and used machines belonging to the defendant company, for which use a royalty was paid. The plaintiff in this case was in May, 1902, given a bill of sale from the Dr. Reed Cushion Shoe Company of many of its assets, which included stock unmanufactured and in process of manufacture. Later he wrote the following letter:

"Detroit, Mich., June 3rd, 1902.

"T. E. Johns, Esq.,
"Agent United Shoe Mach'y Co.,
"Chicago, Ill.

"*Dear Sir:* I was very much disappointed in not being able to see you in Detroit today and get a settlement or an understanding in regard to the United Shoe Machinery, so that we could keep this mill going. I find the Dr. Reed Cushion Shoe Company are owing your company in the neighborhood of $565.85 for royalties, machinery, and supplies. I am willing to advance this amount rather than have our mill shut down, providing you will release the machinery, make a lease to myself, and make me an assignment of your claim against that company.

"Enclosed please find check to cover the above amount, and, if acceptable to you, wish you would so advise me at Grand Rapids, Mich., also Geo. A. Marr, Detroit, so that we can start the mill going at once. This remittance is made subject to the conditions above given. Make the assignment to J. W. Goodspeed. My reason for wanting a lease of this machinery is that I have bought the other contents of this plant and shall continue to make welted shoes.

"Respectfully yours,
"J. W. Goodspeed,
"Of Goodspeed Bros., Grand Rapids, Mich.
"Reference: Grand Rapids Nat. Bank."

Mr. Johns replied to the letter, writing, among other things:

"I note what you say regarding your willingness to go ahead with the factory in Detroit, and will be pleased to see you do so. I will do everything I can to have the company grant you the privilege. I will forward your check and letter to the company, and will do all in my power to have the company transfer the machines from Dr. Reed Cushion Shoe Company to you."

June 9, 1902, the defendant wrote plaintiff from Boston, saying it had received from Mr. Johns the letter of June 3d, and stating, among other things:

"We are forwarding to our agents, the Ross-Moyer Manufacturing Company, at Cincinnati, today, leases for these machines and an assignment of our claim, with instructions to forward you the leases for signature upon advice which is satisfactory regarding your financial standing.

"We have made inquiry of the Grand Rapids National Bank, as per reference given us, but we would like also for you to give us a personal statement, which we assure you shall be treated confidentially, whether you become our lessee or not."

The plaintiff did not reply to this letter. The Cincinnati house did not write to him until July 7th. No leases were ever made to the plaintiff. He in the meantime used some of the machinery, and for such use the royalties were paid, the same as they would have been had the use been by the Dr. Reed Cushion Shoe Company. Without waiting to see what would be the reply to its letter of June 9th, the defendant company indorsed the check to the National City Bank of Lynn, which bank afterwards indorsed it, and it was paid through the Grand Rapids clearing house on June 17, 1902. The defendant, instead of assigning its claim against the Dr. Reed Cushion Shoe Company to the plaintiff, sent the last-named company on the 10th of June a receipt for $565.85. Later some correspondence followed looking to a settlement, but one was not reached. Suit was brought, and a verdict was directed as before stated.

Defendant groups its assignments of error under the following heads:

" 1. We insist that a waiver exists from the unauthorized use of this machinery, when Goodspeed sought to get a release of the machinery by pretending to the machinery company that he was not using it, and at the same time advancing the $565.85, ostensibly for the Dr. Reed Company, as a means of inducing the machinery company to delay action, pending the settlement of the matter of the financial statement, so that he might get the product of the shop for June, worth about $2,500, then decline to make such statement and demand the return of the money, on the pretense that the Dr. Reed Company had used the machinery in June, and thus get the benefit of his own unlawful conduct without paying this claim.

" 2. The agreement between Goodspeed and the Dr. Reed Company made the former a party in interest, which rendered it impossible for him to treat this remittance other than as a payment of the debt, so far as this defendant was concerned.

" 3. The claim of justification for Goodspeed's use of the machinery is conclusive that he treated the use of the machinery as a fulfillment of the conditions of the remittance."

It would profit no one to discuss these respective claims in detail. We shall content ourselves with saying that defendant was not justified in using the check and ignoring the conditions, a compliance with which was necessary to authorize its use. There is nothing in the record to warrant the claim of waiver, nor to justify the use of plaintiff's money to pay a debt due from the Dr. Reed Cushion Shoe Company.

Judgment is affirmed.

Carpenter, Grant, Montgomery, and Hooker, JJ., concurred.